FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2002 JUN -4  A 8: 40

CLERK'S OFFICE
AT BALTIMORE

_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DENNIS ARTHUR TALBOT, JR. | * | |
| | * | |
| v. | * | Civil No. JFM-01-2643 |
| | * | |
| U.S. FOODSERVICE, INC., et al. | * | |

\*\*\*\*\*

MEMORANDUM

Plaintiff Dennis Arthur Talbot, Jr., a former warehouse employee of Defendant U.S. Foodservice ("Foodservice"), has brought an action for employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; 42 U.S.C. § 1981; and the Americans with Disabilities Act ("ADA," or "the Act"), 42 U.S.C. § 12101 et seq. Plaintiff has sued both Foodservice and the union to which he belongs, Local Union No. 570 ("Local 570"), an affiliate of the International Brotherhood of Teamsters, AFL-CIO. Previously, I granted Foodservice's motion for summary judgment as to the ADA claim Talbot made against it. See Talbot v. U.S. Foodservice, Inc., 191 F. Supp. 2d 637, 641-42 (D. Md. 2002).[1] I now grant Local 570's motion for summary judgment as to the Title VII and ADA claims that Talbot asserts against it.

I.

The Federal Rules of Civil Procedure require that, when a court considers matters outside the pleadings, a motion to dismiss "shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . ." Fed. R. Civ. P. 12(b). In order to decide this motion, which

---

[1] The facts of this case are set forth in the earlier opinion, see Talbot, 191 F. Supp. 2d at 638-39, and are incorporated here by reference.

1

deals exclusively with administrative exhaustion of plaintiff's ADA and Title VII claims against Local 570, I must consider two items of evidence extrinsic to the pleadings: plaintiff's Equal Employment Opportunity Commission ("EEOC") charge of discrimination, which is part of the record in this case, and an EEOC discharge questionnaire that plaintiff submitted in opposition to defendant's motion. Thus, I will treat defendant's motion, which was styled as a motion to dismiss or, in the alternative, for summary judgment, as a motion for summary judgment. See Talbot, 191 F. Supp. 2d at 639 (converting motion to dismiss to motion for summary judgment in order to consider same two documents).

II.

Local 570 asserts that plaintiff may not maintain Title VII or ADA claims against it because he did not refer to Local 570 in his EEOC charge of discrimination, which he filed in October 2000. When asked on the charge form to "name[] . . . the employer, labor organization, employment agency apprenticeship committee, state or local government agency who discriminated against" him, plaintiff responded "U.S. Foodservice." Plaintiff contends that his claims against Local 570 are not barred because he identified the union as an organization that discriminated against him on a "Discharge, Job Elimination, or Layoff" questionnaire he provided to the EEOC in April 2001.

An action under Title VII "may be brought only 'against the respondent named in the charge.'" Causey v. Balog, 162 F.3d 795, 800 (4th Cir. 1998) (quoting 42 U.S.C. § 2000e-5(f)(1)) (emphasis added). Similarly, because the ADA incorporates by reference the administrative exhaustion procedures that apply to claims asserted under Title VII, see 42 U.S.C. § 12117(a); Talbot, 191 F. Supp. 2d at 639, defendants who are not named in a charge of

discrimination also would not be liable under the ADA. As the Fourth Circuit explained in Causey, "The purposes of this requirement include putting the charged party on notice of the complaint and allowing the EEOC to attempt reconciliation." 162 F.3d at 800.

In this case, plaintiff failed to mention Local 570 anywhere in his charge of discrimination, and named only his employer, Foodservice, as the entity that discriminated against him. Further, he did not specify nor even allude to any discrimination by the union in his charge narrative. As a result, Local 570 did not receive notice of plaintiff's allegations until October 9, 2001, when it was provided with the charge as an attachment to plaintiff's complaint in this case. (See Valentine Aff. ¶¶ 4-6.) This was more than one year after Talbot had been fired by Foodservice and nearly a year after the union exhausted its pursuit of a grievance on Talbot's behalf.[2] Evidence submitted by the union establishes that the EEOC has no record of having investigated whether the union discriminated against Talbot. (See Def.'s Reply Exs. 1a, 1b.) Because plaintiff failed to list Local 570 in his charge of discrimination, and failed to refer to discrimination by the union in the charge, he has not filed a timely charge of discrimination against the union. Therefore, he has not exhausted his administrative remedies as to Title VII or ADA claims against the union. See, e.g., Bratton v. Bethlehem Steel Corp., 649 F.2d 658, 666 (9th Cir. 1980) (affirming dismissal of Title VII claims against union by plaintiffs whose

---

[2]Foodservice fired Talbot on October 4, 2000, allegedly for charging the company for time he had not worked. See Talbot, 191 F. Supp. 2d at 639. The union pursued a grievance on Talbot's behalf, protesting his firing through the procedure outlined in its collective bargaining agreement, but was denied at each step of the grievance procedure by Foodservice. (See Valentine Aff. ¶ 3.) On October 20, 2000, the union's executive board voted against arbitrating Talbot's grievance. (See id.) It notified him of that decision by a letter dated October 30, 2000. (See id.)

"charges neither named the Union nor alleged facts from which it could be inferred that the Union . . . violated Title VII"); Gilmore v. Local 295, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of America, 798 F. Supp. 1030, 1038 (S.D.N.Y. 1992) (dismissing claims against union where it was not named in the charge, did not share a "substantial identity" with the employer named in the charge, and was not alleged to have participated in a "common discriminatory scheme" with the employer); cf. Sanders v. Bethlehem Steel Corp., 1995 WL 418585, at *4 (D. Md. 1995) (limiting litigant to those charges against her union that she discussed in an EEOC charge).

Plaintiff, who opposed this motion pro se, argues that he did identify the union on a questionnaire that he claims he provided to the EEOC on April 19, 2001, six months after he filed his charge of discrimination. In the questionnaire, he identifies the union when asked to name "the employer, employment agency, or organization that discriminated against you." He also lists the union president as a contact for the organization. Although information on an EEOC questionnaire may be considered in determining the scope of an investigation that would stem from a charge of discrimination, see Lane v. Wal-Mart Stores East, Inc., 69 F. Supp. 2d 749, 756 (D. Md. 1999), plaintiff points to no cases in which such questionnaires have been used by courts to supplement the charge on the critical issue of the identity of the discriminating party. Indeed, allowing the questionnaire to serve this function would undermine the rationale set forth in Causey for the requirement that parties sued under Title VII be named in the charge: namely, providing notice to the party accused of discrimination and an opportunity to conciliate.

Even if I were to consider the questionnaire in this case, plaintiff's argument still would be unavailing. The questionnaire is devoid of any indication of the manner in which the union

allegedly discriminated against plaintiff. Rather, it asserts that the person responsible for plaintiff's firing was a vice president of operations at Foodservice who was plaintiff's immediate supervisor, and that plaintiff was fired for allegedly "charging the Co. for time not worked." Plaintiff also complains that he was not made aware of any "Co. policy for discharge for admitting to falling asleep on the job." Plaintiff's repeated, shorthand references to the company support his naming of Foodservice on the charge of discrimination. Meanwhile, his bare reference to the union would not indicate to an investigator that he or she should investigate discrimination in the union's handling of plaintiff's grievance, since plaintiff does not refer in his answers on the questionnaire either to the grievance procedure or the failure of the union to arbitrate the grievance.[3]

Plaintiff also appears to argue for an equitable exception to the administrative exhaustion requirement, indicating in a letter to the court that he filed in opposition to this motion that he "was told by the EEOC's intake clerk that since I already had [a] charge presently on file that they would forward this complaint to . . . the investigator handling the case I filed against U.S. Foodservice. [The investigator] apparently didn't notify Local 570 of the charge and she had adequate time to do so." He requests that he not "be held accountable for [the] EEOC's negligent mishandling of my case." Even assuming such an equitable exception exists, plaintiff is mistaken in his belief that it would apply to him. The EEOC did not, as he asserts, fail to notify Local 570 of a charge of discrimination filed against it, for what plaintiff had filed was not a second charge, but merely a questionnaire that the EEOC apparently believed was meant to

---

[3]In his Amended Complaint, plaintiff contends that the union refused to pursue his grievance through arbitration because of his race, color, and disability. (Am. Compl. ¶ 12.)

5

supplement plaintiff's earlier charge against Foodservice.

To the extent plaintiff is claiming that he is entitled to an equitable exemption because he informed the EEOC that he intended the questionnaire to represent a charge against Local 570, or was led by an EEOC employee to believe the questionnaire represented a charge against the union, I agree with the court in Horne v. Cub Foods, 1995 WL 319629, at *3 (N.D. Ill. 1995). It explained that a plaintiff's claims as to conversations with EEOC employees cannot relieve a plaintiff from administrative exhaustion requirements. Unlike written documentation, the court explained, "[o]ral representations have a different character in that they are not verifiable and do not offer a lasting representation of the claimant's case." Id. Otherwise, the court stated, "a Title VII plaintiff [could] press any claim in a lawsuit as long as she represents that she 'discussed' that claim with an EEOC employee. Such an exception to the scope-of-the-charge requirement would swallow the rule." Id. Allowing plaintiff here to add claims against a party not named in his charge of discrimination would similarly swallow the rule enunciated by the Fourth Circuit in Causey, that Title VII claims may only be brought against those named in a charge of discrimination. Accordingly, defendant's motion will be granted.

Date: June 4, 2002

J. Frederick Motz
United States District Judge